UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20886-MARTINEZ

UNITED STATES OF AMERICA,

vs.

OMAR AUSENO BURGOS,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America and Omar Auseno Burgos ("AUSENO BURGOS") agree that, had this case proceeded to trial, the United States would have proven beyond a reasonable doubt the following facts, among others, establishing a violation of Title 21, United States Code, Sections 963 and 959(a), which occurred in the Southern District of Florida and elsewhere:

Beginning in or around 2016, and continuing through in or around late 2017, in Colombia, Ecuador, and elsewhere, AUSENO BURGOS knowingly and intentionally agreed with others to distribute cocaine, a Schedule II controlled substance, knowing or having reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

AUSENO BURGOS became involved in the offense conduct after a prior introduction he made between individuals involved in cocaine transportation. Following the loss of a large cocaine shipment, AUSENO BURGOS was deemed responsible for that loss, and AUSENO BURGOS agreed to participate in multiple cocaine transactions to satisfy that obligation.

In furtherance of the conspiracy, AUSENO BURGOS obtained kilogram quantities of cocaine from laboratories in the Llorente, Colombia area and provided those quantities to other members of the drug trafficking organization, including individuals working on behalf of E.P.A.

AUSENO BURGOS coordinated with others, including his son and laboratory sources, to facilitate production of and access to cocaine, and its transfer to co-conspirators.

AUSENO BURGOS agreed to acquire cocaine at a set price from laboratory sources and transfer it at a higher agreed price to members of the organization. The difference in price represented a margin, which was applied toward the outstanding financial obligation as well as personal compensation. Initial deliveries included approximately 200 kilograms of cocaine, which were received by associates of E.P.A.

After initial transactions, additional quantities of cocaine were requested by co-conspirators. AUSENO BURGOS continued to coordinate the acquisition and delivery of cocaine, including through communications conducted via encrypted devices. On one occasion, funds provided for the purchase of cocaine were stolen after being delivered to AUSENO BURGOS's son, and AUSENO BURGOS was held responsible for that loss. AUSENO BURGOS continued participating in the drug conspiracy.

Over the course of the conspiracy, AUSENO BURGOS was involved in multiple cocaine transactions totaling approximately 6,000 to 6,500 kilograms. The cocaine was delivered to co-conspirators for further transportation, including to locations associated with maritime trafficking routes.

AUSENO BURGOS did not personally transport cocaine into the United States; however, he knew, or had reasonable cause to believe, that the cocaine involved in the conspiracy, and that he acquired, would be unlawfully transported and imported into the United States.

The parties agree that these facts are sufficient to prove the elements of Title 21, United States Code, Sections 963 and 959(a).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 5/6/2026        By: _____
JAMES M. USTYNOSKI
ASSISTANT UNITED STATES ATTORNEY

Date: 5/6/2026        By: _____
CARLOS LEON
COUNSEL FOR DEFENDANT

Date: 5/6/2026        By: _____
OMAR AUSENO BURGOS
DEFENDANT

3